# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE L. LERMA-DUENAS,<br><br>                        Petitioner,<br>  vs.<br>KENNY ATKINSON,<br><br>                       Respondent. | CASE NO. 13cv1045-LAB (KSC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

    PetitionerJorge Lerma-Duenas was extradited from Mexico to answer charges of robbery, kidnapping, and extortion in this Court. He pleaded guilty and was sentenced to a term of 37 months. As a result of his guilty plea, he was charged with a violation of supervised release in case 90cr608-JLS, *United States v. Lerma-Duenas*. He pleaded guilty to that charge, and on January 27, 2012, his supervised release was revoked. He was sentenced to a term of sixteen months to run consecutively to the sentence imposed in 90cr710-JLS, and is still in federal custody. He has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the revocation of supervised release. He claims that he should not have been charged with violating the terms of his supervised release, because the doctrine of specialty forbids it.

/ / /

/ / /

/ / /

Because Lerma-Duenas is challenging his sentence, the Court construes his petition under § 2241 as a motion under 28 U.S.C. § 2255.[1] *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (generally, a motion under § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention).

For several reasons, Lerma-Duenas' motion must be denied. It is untimely, having been filed well over a year after his supervised release was revoked. *See* § 2254(f). In addition, he pleaded guilty to the violation. The doctrine of specialty gives rise to a defense based on lack of personal jurisdiction, and it is subject to waiver if not timely raised. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006); Fed. R. Crim. P. 12(b)(3) and (e). *Compare United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) (defense of lack of personal jurisdiction was waived by guilty plea).

Even if Lerma-Duenas could raise this defense now, the doctrine would be of no help to him. Lerma-Duenas' supervised release was revoked for the selfsame conduct for which he was extradited. *See United States v. Andonian*, 29 F.3d 1432, 1438 (9th Cir. 1994) (doctrine of specialty requires that prosecution be based on the same facts as those set forth in the extradiction request). Furthermore, revocation of supervised release does not count as a new prosecution for purposes of the doctrine. *See United States v. Hollenbeck*, 31 Fed. Appx. 836 (5th Cir. 2002) (per curiam) (doctrine of specialty did not bar district court from revoking supervised release of extradicted defendant).

The petition is **DENIED**. Because Lerma-Duenas does not rely on any constitutionally-protected right, a certificate of appealability is also **DENIED**. *See United States v. Mikelsi,*

///
///
///
///

---

[1] If this really were a petition under § 2241, it should have been filed in the District of South Carolina, where Lerma-Duenas is in custody. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). But because it is in fact a § 2255 motion, it was properly filed in this Court, where Lerma-Duenas was sentenced. *See id.*

236 F.3d 550, 551 (9th Cir. 2001) (citing 28 U.S.C. § 2253(c)(2)) (to obtain a certificate of appealability, an applicant must show violation of a <u>constitutional</u> right).

**IT IS SO ORDERED**.

DATED:  May 17, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge